UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONARD J. JOSEPH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11CV326 SNLJ |
| ) | (TIA) |
| TERRY RUSSELL, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

This matter is before the Court on the Petition of Leonard J. Joseph for a writ of habeas corpus under 28 U.S.C. § 2254. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

### **I. Procedural History**

On February 1, 2007, a jury in the Circuit Court of St. Louis City convicted Petitioner of four counts of first-degree statutory sodomy, one count of attempted first-degree statutory sodomy, one count of second-degree statutory sodomy, and one count of attempted second-degree statutory sodomy. (Resp't Ex. A 65-72; Resp't Ex. C 1) The court sentenced him to a total of 39 years in prison. (Resp't Ex. A 82-86; Resp't Ex. C 2) Petitioner is presently serving out his sentence at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), located in Bonne Terre, Missouri.

Petitioner appealed the conviction, arguing that the trial court erred in refusing to submit a lesser-included instruction of first-degree child molestation for each first-degree statutory sodomy count and that the evidence was insufficient to support the conviction for attempted second-degree statutory sodomy. (Resp't Ex. B 18-23) On May 29, 2008, the Missouri Court of

Appeals affirmed the convictions. (Resp't Ex. C); State v. Joseph, 254 S.W.3d 240 (Mo. Ct. App. 2008).

On July 14, 2008, Petitioner filed a *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15. (Resp't Ex. D 4-12) He filed an amended motion and request for an evidentiary hearing on March 5, 2009, alleging ineffective assistance of trial counsel. (Id. at 16-42) The trial court denied Petitioner's Rule 29.15 Motion and denied his request for a hearing. (Id. at 43-49) On August 24, 2010, the Missouri Court of Appeals affirmed the denial of Petitioner's Rule 29.15 amended motion for post-conviction relief. (Resp't Ex. F); Joseph v. State, 318 S.W.3d 323 (Mo. Ct. App. 2010). On April 4, 2011, Petitioner filed the present petition for a writ of habeas corpus in federal court. (Pet., ECF No. 4)

## II. Petitioner's Claims

In his petition, Petitioner raises four grounds for habeas relief:

(1) The trial court erred in refusing to submit a lesser-included instruction of first-degree child molestation for Count II, first-degree statutory sodomy;

(2) The trial court erred in refusing to submit a lesser-included instruction of first-degree child molestation for Count IV, first-degree statutory sodomy;

(3) The post-conviction motion court erred in not granting an evidentiary hearing on his claim that trial counsel was ineffective for failing to cross-examine T.S. about alleged prior false sexual allegations; and

(4) Trial counsel was ineffective for failing to object and request that the court instruct the jury to disregard the prosecutor's closing argument statement that "It's been a difficult time and a long road that these girls face, the five girls that came in here and testified in front of all of you this week. Leonard Joseph put them through hell and back."

## III. Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because

that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

To establish ineffective assistance of counsel, a petitioner must satisfy a two prong test. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his trial would have been different absent counsel's error. Id. at 694; Bucklew, 436 F.3d at 1016. In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." Bucklew, 436 F.3d at 1016 (citation omitted). Further, "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Id. (citation omitted). Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are reviewed de novo, and state court findings of fact are presumed to be correct under 28 U.S.C. 2254(d). Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995) (citation omitted).

## IV. Discussion

### Grounds One and Two

In Petitioner's first two grounds for federal habeas relief, he claims that the trial court erred in refusing to submit a lesser-included instruction of first-degree child molestation for Counts II and IV, first-degree statutory sodomy. Respondent contends that the trial court's refusal to give a lesser-included offense instruction and the appellate court's decision affirming the

trial court was not contrary to clearly established law. The undersigned agrees with the Respondent that grounds one and two lack merit.

The Missouri Court of Appeals addressed these claims and found:

> The trial court is not required to charge the jury with respect to a lesser-included offense unless there is a basis for acquitting the defendant of the offense charged and convicting him of the lesser-included offense. Section 556.046.2. Where proof of the defendant's guilt of the offense charged is strong and substantial, where the evidence clearly indicates the commission of the more serious crime, and where there is no evidence to support an adverse finding on an element of the charged crime, it is not necessary to instruct on a lesser-included offense. State v. Jackson, 743 S.W.2d 493, 496 (Mo. App. E.D. 1987). Additionally, where the evidence shows that the defendant is either guilty of the offense charged or guilty of no offense at all, there is no evidence to support the submission of a lesser-included offense. State v. Harris, 598 S.W.2d 200, 203 (Mo. App. S.D. 1980).
>
> . . .
>
> Reviewing the case in light most favorable to Defendant, we agree with the trial court that, under the facts of this case, actions constituting statutory sodomy would also constitute a violation of child molestation. Thus, if the jury found a basis for acquitting Defendant of the statutory sodomy offense charged, it could not convict Defendant of child molestation as a lesser-included offense. Section 556.046.2. Additionally, the jury could have believed that Defendant was gjilty of both statutory sodomy and child molestation, and convicted him of both rather than one or the other. Because the evidence demonstrates that Defendant was either guilty of the offense charged or guilty of no offense at all, there is no evidence to support the submission of a lesser-included offense of child molestation. Harris, 598 S.W.2d at 203. We . . . find that the trial court properly denied a lesser included instruction on child molestation for Count II and Count IV.

(Resp't Ex. C 13)

Here, the Petitioner cannot demonstrate that the state court's determination that the trial court properly denied a lesser-included instruction on child molestation for Counts II and IV was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court. "In noncapital cases there currently is no constitutional requirement for lesser included offense instructions." Perry v. Steele, No. 4:07CV440 RWS, 2010 WL 427756, at *4 (E.D. Mo. Feb. 1, 2010) (citing Carney v. Fabian, 487 F.3d 1094, 1097 (8th Cir.2007)). Thus, the trial court did not violate clearly established federal law in refusing to give an instruction on child molestation. Id. Petitioner's first and second grounds for habeas relief should therefore be denied because they lack merit.

### Ground Three

Next, Petitioner contends that the post-conviction motion court erred in not granting an evidentiary hearing on his claim that trial counsel was ineffective for failing to cross-examine T.S. about alleged prior false sexual allegations. In response, Respondent asserts that the denial of post-conviction relief without a hearing falls outside the scope of federal habeas review and is thus non-cognizable. In addition, Respondent maintains that Petitioner's underlying ineffective assistance of counsel claim is meritless. The Court agrees that Petitioner's third ground for habeas relief is not cognizable in these proceedings and should be dismissed.

"Habeas relief is available only where errors of a constitutional magnitude have occurred." Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994) (citation omitted). Further, "[b]ecause there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th

Cir. 1990) (citation omitted). Therefore, the undersigned finds that Petitioner's claim that the motion court erred in denying an evidentiary hearing on his ineffective assistance of counsel claim is collateral to his conviction and is not cognizable. See Murchison v. Larkins, No. 2011 WL , at *12 (E.D. Mo. Dec. 16, 2011) (dismissing petitioner's claim that the motion court erred in denying post-conviction relief without an evidentiary hearing as not cognizable).

Further, to the extent that Petitioner's third ground argues ineffective assistance of trial counsel for failure to cross-examine T.S. regarding alleged prior false sexual allegations, the undersigned finds that this claim is meritless. As stated by the Missouri Court of Appeals:

> Prior to the start of trial, the State presented a motion in limine which sought to prevent Joseph from introducing evidence that one of the child victims previously made an allegation of sexual misconduct against a family member and then later recanted. A discussion was held on the record regarding the law on the issue, and Trial Counsel argued for the admissibility of the evidence. The trial court ruled the evidence inadmissible reasoning that it was doubtful that Joseph could prove by a preponderance of the evidence that the child's prior statement "was a false allegation as opposed to a mere recanting for any number of reasons." The trial court considered the fact that four other victims made similar allegations against Joseph, noting that this was not a case of "one victim, one Defendant, one act, no corroboration and therefore credibility is the absolute determining factor." The trial court also noted that one recantation did not show a pattern of making allegations and then recanting. Trial Counsel admitted that the alleged "falseness" of the prior claim by one of the victims was based solely on the recantation. The trial court then found that "mere evidence of a single recantation is not sufficient evidence that an allegation was false," and ruled that "there will be no cross-examination upon this one incident of a recantation by cross-examination or direct examination."
>
> Trial Counsel noted on the record that he wanted to make an offer of proof on this topic, to which the trial court responded, "You have kind of done it. You told me what your evidence is."

7

> Thereafter at trial, Trial Counsel did not cross-examine the victim or make a further offer of proof regarding the alleged prior recantation. Joseph now claims Trial Counsel was ineffective for failing to cross-examine the victim regarding the recantation and for failing to make an offer of proof regarding the prior recantation. We disagree, finding that not only did Trial Counsel argue the issue before the trial court and make and offer of proof, but Trial Counsel cannot be faulted for following the express ruling of the trial court.
>
> Addressing first the claim that Trial Counsel was ineffective for not cross-examining one of the victims regarding the alleged prior recantation of sexual allegations against a different perpetrator, we agree with the motion court that Joseph has failed to allege facts which, if true, would entitle him to relief. While Joseph claims Trial Counsel was ineffective in this regard, we do not find that a "reasonably competent attorney under similar circumstances" would have disregarded the trial court's evidentiary ruling and instead chosen to question the victim regarding her alleged prior false sexual allegations. The facts of this case do not support a finding that Trial Counsel failed to act as a "reasonably competent attorney" or was otherwise ineffective for adhering to the trial court's express evidentiary ruling.
>
> . . . Once the trial court specifically ruled to exclude the evidence, we find that Trial Counsel acted as a "reasonably competent attorney under similar circumstances" when he did not question the victim on the excluded topic. We find nothing in the record to suggest that the trial court would have changed its ruling on this issue had Trial Counsel reasserted his argument during trial. Accordingly, we do not find any prejudice to Joseph as a result of Trial Counsel's conduct.

(Resp't Ex. F 6-8)

As previously stated, habeas relief may not be granted unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1)).

8

"Therefore, we will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in Strickland." Id.; see also Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (where state court correctly identifies Strickland as the controlling authority, federal courts "address whether the state court unreasonably applied that precedent and whether the state court unreasonably determined the facts in light of th evidence presented."). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Bucklew, 436 F.3d at 1016 (citation omitted). Here, Petitioner has failed to demonstrate that trial counsel's performance was deficient or that he was prejudiced during the trial. Strickland, 466 U.S. at 687.

The record shows that the trial court granted the State's motion in limine regarding one of the victim's recanted statement that her step-father had raped her because the recantation did not establish that the original allegation was false. (Resp't Ex. D 44) In addressing the ineffective assistance of counsel claim, the post-conviction motion court stated, "the Court does not believe a single accusation by a child that is disavowed and that is not pursued formally would have cast such doubt on the veracity of [T.S.] as to have changed the outcome of the trial." (Id. at 47-48) Given the uncertainty of whether the single, recanted statement was actually false and whether that evidence would have discredited her testimony at trial, Petitioner has failed to demonstrate that trial counsel acted outside the bounds of professional conduct by not cross-examining the victim about her prior statement. See Becker v. Luebbers, 578 F.3d 907, 917 (8th Cir. 2009) (finding that counsel was not ineffective for failing to adequately cross-examine a witness because allegations that the witness had falsely accused a police officer of sexual assault were uncertain

9

and speculative). Further, as noted above, the trial court excluded the evidence. Petitioner cannot show that trial counsel's obedience to a court order was somehow unreasonable and that, had trial counsel chosen to disobey the order, the outcome would have been different. Therefore, the undersigned finds that Petitioner has not demonstrated that counsel was ineffective for not cross-examining the victim regarding a prior recanted sexual allegation. Petitioner's third ground for habeas relief should be denied as meritless.

## Ground Four

Last, Petitioner argues that his trial attorney was ineffective for failing to object to, and request that the court instruct the jury to disregard, the prosecutor's statement in closing argument that "[i]t's been a difficult time and a long road that these girls face, the five girls that came in here and testified in front of all of you this week. Leonard Joseph put them through hell and back." Petitioner asserts that counsel should have objected because this improper argument pertained to his right to trial and had a decisive effect on the jury's determination. Respondent maintains that the failure to object does not rise to the level of ineffective assistance of counsel. The Missouri Court of Appeals addressed this claim and found:

> Joseph argues that Trial Counsel was ineffective for failing to object to this portion of the State's closing argument. Joseph claims that this argument had a decisive effect on the jury because it improperly characterized Joseph's exercise of his right to trial as an aggravating circumstance and prejudicially appealed to the jurors' passions and prejudices. We disagree and do not consider the prosecutor's reference to putting the victims through "hell and back" as an attempt to persuade the jury to punish Joseph for exercising his right to a jury trial.
>
> Trial Counsel's failure to object to the portion of the State's closing argument at issue did not prejudice Joseph or deprive him of a fair trial. While Joseph claims this portion of the State's

10

> closing argument improperly characterized his exercise of his right
> to a trial as an aggravating circumstance, we do not read this
> portion of the comment as suggesting such. Instead, as the motion
> court noted, we find the statement merely references the alleged
> sexual abuse to which the young victims had been subjected to by
> Joseph. We do not find sufficient facts were alleged that
> demonstrate Trial Counsel failed to act as a "reasonably competent
> attorney under similar circumstances," and similarly cannot find that
> the motion court clearly erred in reaching its determination that
> Joseph was not entitled to relief.

(Resp't Ex. F 8-9)

The Court finds that the ruling by the Missouri courts did not result in a decision that was contrary to, or involved an unreasonable application of, Strickland. As stated by the motion court, "[f]ailure to object during closing argument is more likely a function of trial strategy than of error. . . . Movant must show that an objection would have been meritorious and that the failure to object resulted in a substantial deprivation of the right to a fair trial." (Resp't Ex. D 48); see also Middleton v. Roper, 455 F.3d 838, 850 (8th Cir. 2006) ("Often, trial counsel will withhold objections during otherwise improper arguments – especially during closing arguments – for strategic purposes."). Petitioner has made no such showing.

"To establish ineffective assistance for failing to object to a prosecutor's closing argument, [Petitioner] must demonstrate, as in every ineffective assistance claim, not only that counsel's performance was deficient, but also that there is a reasonable probability that, but for counsel's failure to object, the result of the proceeding would have been different." Bucklew, 436 F.3d at 1021 (citations omitted). Further, a comment in closing argument violates a petitioner's right to due process only where the comment was so "'gross, conspicuously prejudicial or of a such import that the trial was fatally infected.'" Culkin v. Purkett, 45 F.3d 1229, 1235 (8th Cir. 1995)

(quoting Logan v. Lockhart, 994 F.2d 1324, 1329 (8th Cir. 1982)).  Here, the Court agrees that the prosecutor's remark was not so prejudicial that the entire trial was fatally infected and would have rendered a different outcome absent the comment.  The remark pertained to the negative effects that Petitioner's conduct had on the victims.  The remark did not suggest that "the trial was the terrible part of the ordeal for the girls." (Resp't Ex. D 48)  "[W]hen comments made during a prosecutor's closing argument are not objectionable they are not a basis for an ineffective assistance of counsel claim." Kerns v. Bowersox, No. 4:06CV1755 TCM, 2010 WL 1049841, at *11 (E.D. Mo. Mar. 18, 2010).  Thus, the undersigned finds that the state courts' determinations were not contrary to, nor did they involve an unreasonable application of, federal law pertaining to ineffective assistance of counsel under Strickland.  The Court therefore recommends that Petitioner's fourth ground for habeas relief be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition of Leonard J. Joseph for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without further proceedings.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result

in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of January, 2014.